

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS:AMR
F. #2023R00487

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 11, 2023

<u>By ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Tony Clanton
      <u>Docket No. 23-CR-328 (KAM)</u>

Dear Judge Matsumoto:

  The government respectfully submits this letter in response to defendant Tony Clanton's request to modify his bond (ECF No. 33). As the Court is aware, Clanton is charged with one count of Hobbs Act robbery conspiracy, one count of attempted Hobbs Act robbery, two counts of substantive Hobbs Act robbery, and two counts of using a firearm during a crime of violence. <u>See</u> ECF No. 18 ("Indictment"). Clanton is a recidivist felon with a serious and violent criminal history that includes a 1997 attempted shooting of an undercover law enforcement officer, a 2006 home invasion robbery during which Clanton shot a man in the leg, and another home invasion robbery in 2007 in which he impersonated a federal law enforcement officer. <u>See</u> Docket No. 97-CR-776 (ERK) (RER), ECF No. 105 (Proposed Findings of Fact and Recommendation) at 1-2, 4-7, 25. Clanton was most recently released from New York State prison in 2016 and discharged from parole in 2021. Because Clanton has a prior conviction for using a firearm in a crime of violence in violation of Title 18, United States Code, Section 924(c), he faces a mandatory minimum sentence of 25 years in prison on each of the two 924(c) counts in the Indictment (Counts Three and Six), for a total mandatory minimum of 50 years if he is convicted of those two counts. <u>See</u> 18 U.S.C. §§ 924(c)(1)(C)(i) and (D)(ii).

  Clanton was arraigned on the Indictment on August 17, 2023. <u>See</u> ECF No. 20. While a rebuttable presumption in favor of his detention existed pursuant to 18 U.S.C. § 3142(e)(3)(B), in light of Clanton's surrender to the Federal Bureau of Investigation that morning, the government consented to a bond in the amount of $1 million secured by five sureties, with home incarceration as a condition of the bond. <u>See</u> ECF No. 20. The government made an initial production of Rule 16 discovery material on August 25, 2023, including search warrants and video footage, <u>see</u> ECF No. 30, and Clanton now seeks permission to leave his home on Staten Island to view discovery material at a public library. In conversations with the

government prior to the filing of the motion, defense counsel represented that Clanton had a non-working laptop computer and that neither Clanton nor any members of Clanton's household had any working electronic device that would allow him to view the discovery material.  Defense counsel also explained that travel from Clanton's Staten Island home to counsel's Brooklyn office would be prohibitively expensive due to the costs of tolls and gas.

   Clanton has not shown that a need for the requested bond modification exists.  First, Clanton has the option of having the non-working laptop repaired or obtaining a new electronic device on which to view the discovery material.  While Clanton is currently in bankruptcy proceedings, it is worth noting that when he committed the charged offenses, he had two BMWs, a Mercedes, and jewelry, among other assets, as well as family and friends with sufficient assets to support a $1 million bond.

   Second, if he does not wish to obtain a working electronic device, Clanton also has the option of visiting his attorney's office to view discovery material.  He could do so by taking public transportation, which would consist of one interborough bus and one subway train.  If Clanton chose to drive, he would have to travel across only one crossing—the Verrazzano-Narrows Bridge, where an effective toll of $2.75 is charged for Staten Island residents with a New York Customer Service Center EZ-Pass, contradicting the claim that doing so would be prohibitively expensive.

   Third, the specific library that Pretrial Services informs the government that Clanton intends to visit is a considerable distance from his home compared to other libraries.  A review of the New York Public Library ("NYPL") website and online driving directions indicates that the NYPL location Clanton seeks permission to visit, which is approximately 4.9 miles from his home by car, is farther away than at least three other NYPL locations, the closest of which is approximately 1.8 miles from Clanton's home.  While it would not be appropriate for Clanton to visit this closer library either, the fact that he requested permission to go to one farther from his house raises a concern about the motivation for the request and whether Clanton might use a purported trip to the library as an opportunity to violate the terms of his bond by making unauthorized stops at other places, by committing further crimes, or by fleeing.

   Members of the general public who visit NYPL libraries should not be made to assume the risk posed by the presence among them of Tony Clanton, a violent recidivist facing a long potential prison sentence, simply because Clanton does not want to obtain a working electronic device or pay for gas and a $2.75 toll.  Instead, Clanton has multiple options to ensure that he can view discovery material without the need for a modification to his bond.  In

light of the severity of his prior criminal conduct and the charged offenses, the danger Clanton poses to the community, and the other options available to him, the requested modification is neither necessary nor appropriate.

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By: _____
          Andrew M. Roddin
          Assistant U.S. Attorney
          (718) 254-6455

cc: Clerk of the Court (KAM) (by ECF)
     Defense Counsel of Record (by ECF and email)
     U.S. Pretrial Services Officer Bianca C. Carter (by email)

3