ALK:AMR/MS
F. #2023R00487

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

TONY CLANTON,
    also known as "Tone,"
LAWRENCE DOTSON and
RAMEEN SMITH,
    also known as "Kream"
    and "Ise Kream,"

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 23-CR-328 (S-1) (KAM)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C),
1951(a), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Hobbs Act Robbery Conspiracy)

    1.    In or about and between January 2023 and July 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants TONY CLANTON, also known as "Tone," LAWRENCE DOTSON and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by the robbery of United States currency and goods from one or more operators of one or more commercial establishments.

    (Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWO
(Hobbs Act Robbery)

2. On or about June 3, 2023, within the Eastern District of New York and elsewhere, the defendants TONY CLANTON, also known as "Tone," LAWRENCE DOTSON and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by the robbery of an operator of a smoke shop business in Staten Island, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THREE
(Use of Firearms During a Crime of Violence)

3. On or about June 3, 2023, within the Eastern District of New York and elsewhere, the defendants TONY CLANTON, also known as "Tone," LAWRENCE DOTSON and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT FOUR
(Attempted Hobbs Act Robbery)

4. On or about June 27, 2023, within the Eastern District of New York and elsewhere, the defendants TONY CLANTON, also known as "Tone," LAWRENCE DOTSON and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did

knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by the robbery of an operator of a jewelry store in Edison, New Jersey.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FIVE
(Hobbs Act Robbery)

5. On or about July 12, 2023, within the Eastern District of New York and elsewhere, the defendants TONY CLANTON, also known as "Tone," and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by the robbery of an operator of an ice-cream business in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SIX
(Use of Firearms During a Crime of Violence)

6. On or about July 12, 2023, within the Eastern District of New York and elsewhere, the defendants TONY CLANTON, also known as "Tone," and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Five, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE, TWO, FOUR AND FIVE

7. The United States hereby gives notice to the defendants charged in Counts One, Two, Four and Five that, upon their conviction of any of such offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any criminal law of the United States, including but not limited to the following assets, all seized in Staten Island, New York on or about July 25, 2023:

(a) one gold chain with a ski mask pendant;

(b) two gold link chains;

(c) one Richard Mille watch;

(d) two Rolex watches;

(e) two gold rings;

(f) one gold link chain;

(g) two gold chains with pendants;

(h) one Ruger 9-millimeter firearm, serial number 350133471;

(i) one Glock 10-millimeter firearm, serial number BBLU404; and

(j) one Denali .380 caliber firearm, serial number K24141.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)      cannot be located upon the exercise of due diligence;

      (b)      has been transferred or sold to, or deposited with, a third party;

      (c)      has been placed beyond the jurisdiction of the court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE AND SIX

9.      The United States hereby gives notice to the defendants charged in Counts Three and Six that, upon their conviction of either such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924, including but not limited to the following assets, all of which were seized from a residence in Staten Island, New York on or about July 25, 2023:

      (a)      one Ruger 9-millimeter firearm, serial number 350133471;

      (b)      one Glock 10-millimeter firearm, serial number BBLU404; and

      (c)      one Denali .380 caliber firearm, serial number K24141.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2023R00487

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

TONY CLANTON, also known as "Tone," LAWRENCE DOTSON *and* RAMEEN SMITH, also known as "Kream" and "Ise Kream,"

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C), 1951(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day, of* _____ A.D. 20 \_ \_ \_ \_

_____
Clerk

*Bail, $* _____

*Andrew M. Roddin and Matthew Skurnik, Assistant U.S. Attorneys (718) 254-7000*