UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

UNITED STATES OF AMERICA,

    - against -

TONY CLANTON and RAMEEN SMITH,

         Defendants.

-----------------------------------X

**Criminal Pre-Trial Scheduling Order**

No. 23-cr-00328 (KAM)(PK)

**KIYO A. MATSUMOTO, United States District Judge:**

    Defendants Tony Clanton and Rameen Smith ("Defendants"), having interposed pleas of not guilty, Defendants and the Government (the "parties") are directed to adhere to the following deadlines:

1. The parties shall meet and confer in good faith to resolve any evidentiary or other pre-trial disputes. On June 14, 2024, this Court ordered a motions schedule for the parties' anticipated motions to suppress and motions in limine. Mr. Smith stated he anticipated filing a motion to suppress cell phone location data and a motion in limine to preclude cross examination as to Mr. Smith's criminal history, prior bad acts, and prior incarcerations. Mr. Clanton's counsel anticipated filing a motion to suppress evidence pertaining to Mr. Clanton's flight. The Court ordered Defendants to file their anticipated motions on or before **July 19, 2024**; the government to file its oppositions on or before **August 2, 2024**; and Defendants to file any replies by **August 9, 2024**. The parties shall serve and file all other pre-trial motions not already described above, including but not limited to 404(b) and *Daubert* motions, by **October 16, 2024**, with opposition papers due **October 30, 2024**, and reply papers due **November 12, 2024**. The parties shall provide two courtesy copies to Chambers of all papers (including exhibits) on the day they are due.

2. By **November 25, 2024**, the parties shall confer, file, serve, and deliver two courtesy copies to Chambers of:

    a. A list of exhibits;

     b. A list of witnesses;

     c. Expert disclosures; and

     d. A list of persons, including any attorneys, corporations, institutions, places, and scientific, technical, or colloquial terms that will be presented or referred to by counsel or witnesses during the trial, for the use of the Court in questioning prospective jurors during voir dire and to assist the Court reporter in recording the proceedings (the parties shall attempt in good faith to reach an agreement on this item).

3. By **December 1, 2024,** the Government shall provide to Defendants any *Giglio* materials.

4. The parties shall meet and attempt to agree on, and by **January 17, 2025,** shall file, serve, and deliver two courtesy copies to Chambers of:

     a. Voir dire requests;

     b. Proposed verdict form;

     c. Requests to charge or any objections to the same, with legal citations to controlling law; and

     d. Any stipulations of fact and notices of objections to the authenticity of documents.

5. By **February 17, 2025,** any party who wishes to present marked exhibits to the jury in digital form shall meet with the Chief Deputy Clerk for Automation Services and the undersigned judge's case manager to review the available equipment in the courtroom where the trial shall take place and determine what equipment the Court can provide and what equipment the parties must provide. Counsel shall be accompanied by audio-visual personnel who will be operating any equipment that will be used at trial. By **February 18, 2025,** the parties shall file a confirmation in writing that this meeting has occurred, and they shall include a general outline of any understandings reached.

6. The parties shall appear with counsel who is to try this case at a final pre-trial conference on **February 21, 2025,** at **10:00 a.m.** in Courtroom 6B South.

    a. Before the pre-trial conference, the parties shall:

        i.   Physically mark for identification (e.g., GX. 1$^{ID}$, DX A$^{ID}$ followed by the docket number) each item of physical or documentary evidence the party intends to offer at trial, including any learned treatise or publication to be introduced pursuant to Federal Rule of Evidence 803(18);

        ii.   If transcripts are to be used either as substantive evidence or as aids to the jury, a single copy shall be appropriately marked by all parties to indicate portions to be read and portions to be objected to; and

        iii.   Make every effort to enter into stipulations of fact, including as to the authenticity of all documents intended to be offered as evidence at trial, and to give notice as to all objections to authenticity so as to permit the adversary to have available at trial all necessary foundation witnesses.

    b. At the final pre-trial conference, each party shall bring **two sets** of all trial exhibits marked for identification, including a table of contents, and any disc upon which the exhibits have been recorded in digital form, if the party intends to present the evidence at trial digitally, for inspection.

    c. Counsel for the Government shall use its best efforts to provide any material required to be produced at trial under 18 U.S.C. § 3500, appropriately marked for identification, along with two courtesy copies for Chambers.

7. The parties shall appear with counsel ready to select a jury on **February 24, 2025,** at **9:00 a.m.,** before the undersigned judge. Trial will commence immediately after jury selection on **February 24, 2025,** in Courtroom 6B South.

8. A defendant in a criminal case must appear at all stages of the proceedings, including the return dates of motions, hearings, pre-trial conferences, and trial, unless excused by the Court with the consent of the Government. Failure to comply may result in revocation of bail if bail has been granted.


**SO ORDERED.**

Dated:      December 13, 2024
            Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York