DRAFT                                                    **Court Ex. 2**
                                                        **Jury Instructions**

United States District Court
Eastern District of New York

----------------------------------X

United States of America,

    - against -

                                No. 23-cr-328 (S-1) (KAM)

Tony Clanton,
    also known as "Tone,"

        Defendant.

----------------------------------X

<br>

**<u>Jury Instructions</u>**

DRAFT                                                              DRAFT

DRAFT                                                    Court Ex. 2
                                                    Jury Instructions

# Table of Contents

INTRODUCTION.................................................... 4

I. GENERAL RULES OF LAW......................................... 5

    1.    Role of the Court.................................... 5

    2.    Role of the Jury..................................... 5

    3.    Equality of the Parties Before the Court............. 7

    4.    Presumption of Innocence and Burden of Proof........ 7

    5.    Reasonable Doubt.................................... 9

    6.    Venue.............................................. 9

    7.    Types of Evidence.................................. 11

        A.    What Is Evidence ............................. 11

        B.    What Is Not Evidence ......................... 12

        C.    Direct and Circumstantial Evidence ........... 14

    8.    Use of Recordings and Transcripts.................. 16

    9.    Use of Video Recordings............................ 17

    10.   Use of Charts, Maps, and Summaries................. 17

    11.   Permissible inferences Drawn from the Evidence...... 19

    12.   Credibility of Witnesses........................... 20

    13.   Interested Witnesses............................... 21

    14.   Failure to Name a Defendant........................ 22

    15.   Defendant's Election to Testify [If Applicable]..... 23

    16.   Defendant's Right Not to Testify [If Applicable].... 23

    17.   Testimony of Law Enforcement Witnesses............. 24

    18.   Testimony of Expert Witnesses [If Applicable]....... 25

    19.   Testimony of Cooperating Witness................... 26

    20.   Witness Interviews................................. 30

    21.   No Duty to Call All Witnesses, Produce All Evidence, or Use Particular Investigative Techniques.......... 30

    22.   Evidence Lawfully Obtained......................... 31

    23.   Fleeing as Consciousness of Guilt.................. 32

II. THE CHARGES................................................ 33

    1.    Knowledge and Intent............................... 34

    2.    The Indictment..................................... 35

    3.    Conspiracy Generally............................... 37

DRAFT                                                           DRAFT

DRAFT

Court Ex. 2
Jury Instructions

4.    Count One: Hobbs Act Robbery Conspiracy............. 42

    A.    First Element: Taking the Personal Property of Another ........................................ 44

    B.    Second Element: Robbery ........................ 44

    C.    Third Element: Affecting Interstate Commerce .... 45

    D.    Fourth Element: Knowledge and Intent ............ 46

5.    Count Two: Hobbs Act Robbery........................ 46

    A.    Forms of Liability ............................. 47

    B.    Willfully Causing a Crime to Be Committed ....... 49

6.    Count Three: Use of a Firearm....................... 50

    A.    First Element: Commission of a Crime of Violence 52

    B.    Second Element: Use, Carrying, or Possession of a Firearm ....................................... 53

    C.    Aiding and Abetting ........................... 55

    D.    Co-Conspirator Liability ...................... 57

    E.    Additional Element as to Count Three: Brandishing 59

7.    Count Four: Attempted Hobbs Act Robbery............. 60

    A.    Aiding and Abetting ........................... 62

8.    Count Five: Hobbs Act Robbery....................... 62

III. CLOSING INSTRUCTIONS..................................... 63

1.    Duty to Deliberate; Punishment...................... 63

2.    Unanimous Verdict Required.......................... 65

3.    Consider Only the Charges........................... 65

4.    Selection of a Foreperson........................... 65

5.    Communications with the Court....................... 66

6.    Right to See Exhibits and Have Testimony Read During Deliberations....................................... 66

7.    Return of the Verdict............................... 67

8.    Conclusion.......................................... 68

DRAFT                                                      DRAFT

## INTRODUCTION

Members of the jury, I told you at the start of trial that your primary duty during trial would be to pay attention to the evidence, listen carefully, and observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty, and I thank you for your attentiveness and service.

You are about to begin your final duty, which is to decide the facts in this case.  Now that you have heard all the evidence and each party's closing argument, it is my duty to instruct you on the applicable law.  I ask that you pay close attention.  I will be as clear as possible.

My instructions will be in three parts:

First, I will state some general rules about your role and the way in which you are to review the evidence in this case.

Second, I will instruct you on the particular crimes charged and the elements that the government must prove beyond a reasonable doubt with respect to each.

Third, I will give you some general rules regarding your deliberations.

Do not single out any one instruction I give you as alone stating the law.  Rather, you should consider these instructions as a whole when you retire to the jury room to deliberate on your verdict.

DRAFT

Court Ex. 2
Jury Instructions

## I. <u>GENERAL RULES OF LAW</u>

**1. Role of the Court**

As I just mentioned, my duty at this point is to instruct you on the law.  It is your duty to accept those instructions of law and apply them to the facts as you determine them just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On each of these legal matters you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be or ought to be, it would violate your sworn duty to base a verdict upon any view of the law other than the one that I will give you.

I remind you that you may only consider the evidence admitted at this trial and may not use any other information obtained outside the courtroom, including, but not limited to, what you may have heard or learned through training, experience, the media, or otherwise.

**2. Role of the Jury**

As jurors, you are the sole and exclusive judges of the facts. Your role is to pass upon the weight of the evidence, determine

DRAFT                                                                    DRAFT

the credibility of witnesses, resolve any conflicts in the witnesses' testimony, and draw whatever reasonable inferences you decide to draw from the facts as you find them.

In determining the facts, you must rely on your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a factual matter to be taken in substitution for your own independent recollection. What I say is not evidence

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the government has proven its case. I also ask that you draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. I've done so with the intent only for clarification or to expedite matters, and certainly my questions were not intended to suggest any opinion on my part as to the verdict that you should render or whether any of the witnesses may have been more credible than other witnesses. You are expressly to understand that the court has no opinion as to any of the issues in this case or as to what verdict you should

reach in this case.

I know that you will try the issues that have been presented to you according to the oath that each of you took at the beginning of this case, in which you promised that you would well and truly try this case, the issues joined in this case and render a true verdict.  If you follow that oath and try the issues without fear, favor, bias, prejudice, or sympathy, you will arrive at a true and just verdict.

## 3. Equality of the Parties Before the Court[1]

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## 4. Presumption of Innocence and Burden of Proof[2]

A word about the presumption of innocence and the burden of proof.

---

[1] Adapted from L. Sand, J. Siffert, W. Loughlin, S. Reiss, S. Allen, J. Rakoff and D. Epstein, <u>Modern Federal Jury Instructions</u> ("Sand"), Instr. 2-5.

[2] Adapted from Sand, Instrs. 4-1.

**Court Ex. 2**
**Jury Instructions**

The defendant is before you today because he has been charged by indictment with violations of federal law. The indictment is an accusation and nothing more. It is not evidence. The defendant has pleaded not guilty to the indictment. The defendant is therefore presumed to be innocent of the charges against him, and that presumption of innocence alone, unless overcome, is sufficient to acquit him.

To convict a defendant, the burden is on the prosecution or the government to prove the defendant's guilt of each element of every charge beyond a reasonable doubt. This burden of proof will never shift to the defendant for the simple reason that the law presumes that a defendant is innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. They do have the right to do so, however. In other words, a defendant is never required to prove that he is innocent because his innocence is presumed.

Again, I remind you, the defendant starts with a clean slate and is presumed innocent of each charge unless and until such time, if ever, that you as a jury unanimously find that the government has proven that the defendant is guilty of a given charge beyond a reasonable doubt.

## 5. Reasonable Doubt[3]

What is a reasonable doubt?  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence or lack of evidence.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or a whim.  It is not a speculation or suspicion.  It is not an excuse to avoid performing an unpleasant duty.  And it is not sympathy.  The law does not require that the government prove guilt beyond all possible doubt. Proof beyond a reasonable doubt is sufficient to convict.

If after fair and impartial consideration of all the evidence or lack of evidence concerning a particular charge against the defendant, you have a reasonable doubt, it is your duty to acquit the defendant of that charge.  On the other hand, if after fair and impartial consideration of all the evidence you are satisfied that the government has proven the defendant's guilt beyond a reasonable doubt, you should vote to convict him on that charge.

## 6. Venue

Venue refers to the location of a charged crime.  The indictment alleges that the crimes charged occurred in part in

---

[3] Adapted from Sand, Instr. 4-2.

**DRAFT**                                                    **Court Ex. 2**
                                                         **Jury Instructions**

this judicial district, the Eastern District of New York.   The Eastern District of New York encompasses the boroughs of Brooklyn, Queens, and Staten Island, as well as Nassau and Suffolk Counties on Long Island.   To establish that venue for a charged crime is appropriate in this district, the government must prove that some act in furtherance of the crime occurred here.   This means that with respect to each of the crimes charged, venue is established in the Eastern District of New York so long as some act in furtherance of the crime took place in this district, even if other acts were committed outside the district or if the crime was completed elsewhere.

Let me further instruct you that although the government's burden as to everything else in this case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need only be proved by the lesser standard of preponderance of the evidence.   To prove something by a preponderance of the evidence simply means to prove that a fact is more likely true than not true.   That means that venue as to each of the charged crimes in this district is proper if you find it more likely than not that some act in furtherance of the particular crime charged occurred in the Eastern District based on all of the evidence presented, direct and circumstantial.   Again, this lesser burden of proof applies only to venue.   The government's burden of proof on all other parts of this case is to prove guilt beyond a

**DRAFT**                                                              **DRAFT**

reasonable doubt.

In determining whether some act in furtherance of the charged crime you are considering occurred in this Eastern District of New York in regard to each of the offenses, you may consider several things, such as (1) physical presence, (2) electronic communications, (3) phone calls, and (4) text messages.

Again, I caution you that the preponderance of the evidence standard applies only to venue. The government must prove each of the elements of all the charged offenses beyond a reasonable doubt.

## 7. Types of Evidence[4]

I will now remind and instruct you as to what is evidence and how you should consider it.

### A.    What Is Evidence

First, what is evidence? It comes to you in several forms:

1.    Sworn testimony of witnesses, on both direct examination and cross-examination;

2.    Exhibits, whether documents, photos, video surveillance tapes, or recordings that have been received by the court in evidence;

3.    Certain exhibits admitted in evidence in the form of charts, summaries, and demonstratives may be considered for the purposes for which they have been offered. You

---

[4] Adapted from *United States v. Jefferys*, No. 18-cr-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order).

should consider these charts, summaries, and demonstratives as you would any other evidence; and

4.  Stipulations of fact to which the parties have agreed. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Here, the parties entered into stipulations concerning certain exhibits and facts that are relevant to this case. You must accept those stipulations as evidence, and regard those facts as proven; however, you are to determine what weight to give that evidence.

If evidence was received for a limited purpose, you must consider that evidence only for that limited purpose.

**B.   What Is Not Evidence**

Certain things are not evidence, and you must disregard them in deciding what the facts are:

1.  The indictment is not evidence. It is merely the statement of charges against the defendant and is not entitled to any weight in your evaluation of the facts;

2.  Arguments or statements by the attorneys are not evidence;

3.  Counsel's questions in and of themselves are not evidence. Only the answer in the context of the question is evidence. And that also goes for any questions by the court or comments by the court;

12

4.   Objections to the questions or to offered exhibits are not evidence.  Attorneys have a duty to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer just as you would any other answer;

5.   Any testimony or statements stricken by the court are not evidence;

6.   Any exhibits identified but not admitted into evidence by the court are not evidence;

7.   Any redacted portions of any exhibits are not themselves evidence, and you should not speculate as to why the exhibit was redacted and what might be contained in any redacted portions of an exhibit;

8.   Obviously anything you may have seen or heard outside the courtroom is not evidence; and

9.   Any notes you may have taken during the course of the trial are not evidence.

10.  In reaching your verdict, it is improper for you to consider any personal feelings you might have about a defendant's or a witness's race, religion, national origin, ethnic background, sex, or age.

11.  In addition, it would be improper for you to allow any

feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

Your verdict must be based exclusively on the evidence or the lack of evidence in this case.  Here, again, let me remind you that whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must be unanimously satisfied of the guilt of the defendant beyond a reasonable doubt as to a particular Count before you may convict him of that Count.

### C.    Direct and Circumstantial Evidence[5]

As I have just instructed you, evidence comes in various forms, such as sworn testimony of witnesses and exhibits.  There are, in addition, different types of evidence that you may consider: both direct and circumstantial.

1. **Direct Evidence**:  Direct evidence is physical evidence or testimony about a fact by an eyewitness or a participant who testifies to knowing that fact through one of the five senses.

2. **Circumstantial Evidence**:  Circumstantial evidence is proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.  That is all

---

[5] Adapted from *United States v. Jefferys*, No. 18-cr-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order); Sand, Instr. 5-2.

there is to circumstantial evidence.  Based on the facts you find have been proven, you may draw reasonable inferences or conclusions as seem justified in light of your experience and common sense.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, several people walked in with dripping wet umbrellas and dripping wet raincoats. Because you cannot look outside of the courtroom and cannot see whether or not it is raining, you have no direct evidence that it is raining. But, on the combination of the facts about the dripping wet umbrellas and raincoats, it would be reasonable for you to infer that it had begun to rain. That is all there is to circumstantial evidence. Using your reason and experience, you infer, from facts you find are established, the existence or the nonexistence of some other fact.  Whether a given inference should be drawn is entirely a matter for you, the jury, to decide. Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

The law makes no distinction between direct evidence and circumstantial evidence, and you may consider both.

DRAFT                                          Court Ex. 2
                                          Jury Instructions

Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

## 8. Use of Recordings and Transcripts[6]

Audio recordings of various conversations have been admitted into evidence. The transcripts of the recordings have been offered as aids and contain the government's interpretation of what appears on the audio recordings that have been received as evidence. However, they are not in and of themselves evidence. You alone should decide what appears on the recordings based on what you heard. If you think you heard something differently than it appeared on the transcript, then what you heard is controlling. Let me say again, you, the jury, are the sole judges of the facts.

Whether you approve or disapprove of the recording or interception of those conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, that the government's use of this evidence is entirely lawful, and that it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has

---

[6] Adapted from *United States v. Jefferys*, No. 18-cr-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order).

DRAFT                                                      DRAFT

proved beyond a reasonable doubt the guilt of the defendant. Of course, it is for you to decide what weight, if any, to give to this evidence.

If you wish to hear any of the recordings again and any of the transcripts of those recordings, they will be made available to you during your deliberations.

### 9. Use of Video Recordings[7]

The government has offered evidence in the form of video recordings. It is for the jury to decide what, or who, is depicted on the video.

Whether you approve or disapprove of the recording of this video, I instruct you that the video recordings were lawfully made. You must, therefore, regardless of any personal opinions, give this evidence the weight you believe it deserves along with all the other evidence in the case in determining whether the government has proved beyond a reasonable doubt the guilt of the defendant.

### 10.  Use of Charts, Maps, and Summaries[8]

During the course of trial there were charts, maps, and summaries of video compilations shown to you in order to make the

---

[7] Adapted from *United States v. Jefferys*, No. 18-cr-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order).

[8] Adapted from *United States v. Jefferys*, No. 18-cr-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order); Sand, Instr. 5-13.

**Court Ex. 2**
                                                                    **Jury Instructions**

other evidence more meaningful and to aid you in considering that evidence. These charts, maps, and/or summaries are not direct evidence, but were introduced basically as summaries of the evidence. They are a visual representation of information or data as set forth either in the testimony of a witness, the videos which have been shown, in a stipulation or in some documents. They are admitted as aids to you. They are not in and of themselves evidence. They are intended to be of assistance to you in your deliberations.

[In presenting the evidence which you have heard or seen, it is often easier and more convenient to utilize summary charts and than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony, videos, and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you may accept them. But one way or the other, realize that the charts are not in and of themselves direct evidence. They are merely visual aids. They are nothing more.]

## 11.  Permissible inferences Drawn from the Evidence[9]

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw- but not required to draw-from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be

---

[9] Adapted from Sand, Instr. 6-1 (citing *Turner v. United States*, 396 U.S. 398, 406-07 (1970); *Holland v. United States*, 348 U.S. 121, 138-40 (1954); *United States v. Pfingst*, 477 F.2d 177, 197 (2d Cir. 1973); *United States  Crespo*, 442 F.2d 718, 721-22 (2d Cir. 1970)).

proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict on any of the charged counts.

## 12. Credibility of Witnesses

As judges of the facts, you are the sole judges of the credibility or believability of the witnesses and the weight that their testimony deserves. You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is worthy of belief.

You decision whether to believe a witness may depend on how that witness impressed you. For example, how did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem evasive or suspect? How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination? Was the witness consistent in the testimony given or were there contradictions? Did the witness appear to know what they were talking about? Did the witness strike you as someone trying to report their knowledge accurately? These are examples of the kinds of commonsense questions you should

20

ask yourselves in deciding whether a witness was truthful.

How much you choose to believe a witness may also be influenced by the witness's bias.  Does the witness have a relationship with the government or the defendant that may affect how the witness testified?  Does the witness have some incentive, loyalty, or motive that might cause the witness to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a complete and accurate account of the facts about which the witness testified?

You should consider whether a witness had an opportunity to observe the facts they testified about.  Also, you should consider whether the witness's recollection of the facts holds up in light of all the other evidence in the case.

In other words, what you must try to do in deciding a witness's credibility is to size up the person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## 13.  Interested Witnesses[10]

You should also take into account any evidence that the witness who testified may benefit in some way from the outcome of

---

[10] Adapted from *United States v. Jefferys*, No. 18-cr-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order); Sand, Instr. 7-3.

DRAFT                                                  Court Ex. 2
                                                  Jury Instructions

this case.  [Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.][11]  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

**14.  Failure to Name a Defendant[12]**

Do not be concerned that some of the persons who may have been involved in the events leading to this trial are not on trial.  There is no requirement that all members of a conspiracy be charged, prosecuted, or tried together in the same proceeding.  You may not draw any inference, favorable or unfavorable, towards the government or the Defendant, from the fact that certain people were not named as defendants in the indictment or that certain people were named as co-conspirators but not indicted.  The circumstances that these people were not indicted must not play a

_____

[11] Bracketed sentence applicable only if the defendant does not testify.
[12] Adapted from Sand, Instr. 3-4.

22

part in your deliberations.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury. Therefore, you may not consider it in any way in reaching your verdict as to the Defendant.

## 15. Defendant's Election to Testify [If Applicable][13]

In this case, Mr. Clanton did testify and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

I also remind you that Mr. Clanton's decision to testify does not in any way shift the burden of proof to him. This is because the burden of proof beyond a reasonable doubt remains with the government at all times, and Mr. Clanton is presumed innocent.

## 16. Defendant's Right Not to Testify [If Applicable][14]

Mr. Clanton did not testify in this case. Under the United

---

[13] Adapted from Sand, Instr. 7-4.

[14] Adapted from *United States v. Jefferys*, No. 19-CR-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order); Sand, Instr. 5-21.

States Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove Mr. Clanton guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to Mr. Clanton.  Mr. Clanton is not required to prove that he is innocent, because his innocence as to each charge is presumed.

Therefore, you must not attach any significance to the fact that Mr. Clanton did not testify in this case.  You must not draw any adverse inference against him because he did not take the witness stand and you may not consider or even discuss it in any way in your deliberations in the jury room.

### 17.  Testimony of Law Enforcement Witnesses[15]

During the trial, you have heard the testimony of law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of any more or any less consideration or greater or lesser weight than that of any ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of law enforcement witnesses on the grounds that his or her testimony may be colored by a personal

---

[15] Adapted from Sand, Instr. 7-16; *United States v. Harris*, No. 10-CR-712 (ILG) (E.D.N.Y); *United States v. White*, No. 09-CR-351 (E.D.N.Y.); *United States v. Wilson*, No. 08-CR-690 (BMC) (E.D.N.Y.); *United States v. Spears*, No. 06-CR-340 (ARR) (E.D.N.Y.).

or professional interest in the outcome of the case.

It is your decision, after reviewing the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find that it deserves.

**18.   Testimony of Expert Witnesses[16] [If Applicable]**

During the trial, I permitted witnesses to express their opinions as expert witnesses about matters at issue in the trial. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.  You should not, however, accept the testimony merely because I allowed the witness to testify as an expert.  Nor should you substitute it for your own reason, judgment, and common sense.

---

[16] Adapted from Sand, Instr. 7-21.

The determination of the facts in this case rests solely with you. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

**19.  Testimony of Cooperating Witness[17]**

During the course of the trial, you heard testimony from at least one witness who testified pursuant to an agreement with the government.  Let me say a few things that you should consider during your deliberations on the subject of the testimony of cooperating witnesses.

The government may have argued, as it is permitted to do, that it must take the witnesses as it finds them and that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.  For those very reasons, the law allows the use of cooperating witness testimony.

Indeed, it is the law in federal courts that the testimony of an accomplice or co-conspirator may be enough in itself for conviction, if the jury finds the testimony establishes the defendant's guilt beyond a reasonable doubt.  Whether or not you approve of the use of cooperating witness testimony to detect unlawful activities is not to enter into your deliberations in any way.

---

[17] Adapted from Sand, Instr. 7-5; *United States v. Jefferys*, No. 19-CR-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order).

The fact that a witness is cooperating with the government can be considered by you as bearing upon his or her credibility when deciding if the government has met its burden of proof. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving truthful testimony. I have given you some general considerations on credibility, and I will not repeat them all here. Nor will I repeat all of the arguments made by both sides. However, let me say a few things you may want to consider during your deliberations on the subject of cooperating witnesses.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether a cooperating witness — like any other witness called in this case — has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

In evaluating the testimony of cooperating witnesses, you should ask yourselves whether that person would benefit more by lying, or by telling the truth. Was the witness's testimony made

up in any way because the witness believed or hoped that he should or would somehow receive favorable treatment by testifying falsely?  Or did the witness believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to lie, or was it one that would cause him to tell the truth? Did this motivation color the witness's testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

Again, as with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that any witness testified falsely in one part, you still may accept his or her testimony in other  parts, or you may disregard all of it. That is a determination entirely for you, the jury.

In the same vein, you have also heard that this cooperating witness pleaded guilty to charges arising out of the same facts that are at issue in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness

pleaded guilty to similar charges.  The decisions of that witness to plead guilty was a personal decision that the witness made about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

Additionally, I must caution you that it is no concern of yours as to why the government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

You have also heard testimony that the cooperating witness in this case has been promised that if he testifies truthfully, completely and fully, the government will present to the court what is called a 5K1.1 letter, or a "5K letter."  The 5K letter sets forth the cooperating witness's criminal acts as well as the substantial assistance the witness has provided.  This is because the court may, but is not required to, take the government's 5K letter into account when imposing a sentence on the cooperating witness.  In fact, whether or not a 5K letter is written, the court has the discretion to impose any reasonable sentence the court deems is appropriate, up to the statutory maximum.  Thus, while the decision regarding whether to write the 5K letter rests with the government, the final determination as to the sentence to be imposed rests with the court, not with the government. Ultimately, you should look at all of the evidence in deciding what credence and what weight you give to the cooperating witness.

## 20.  Witness Interviews[18]

Next, there was testimony at trial that law enforcement officers and attorneys interviewed witnesses when preparing for trial.  You should not draw any unfavorable inference from that testimony.  To the contrary, the attorneys have an obligation to prepare their case as thoroughly as possible, and in the discharge of that responsibility properly interview witnesses in preparation for the trial and from time to time as may be required during the course of the trial.

[Similarly, there was testimony at trial that the attorneys for the government questioned witnesses before a federal grand jury investigating the crimes with which Mr. Clanton was ultimately charged.  You should also not draw any unfavorable inference from that testimony.  The government has an obligation to investigate the case thoroughly, including by subpoenaing witnesses to testify before the grand jury and to questions witnesses before the grand jury.]

## 21.  No Duty to Call All Witnesses, Produce All Evidence, or Use Particular Investigative Techniques[19]

There is no duty to call all witnesses, to produce all

---

[18] Adapted from *United States v. Jacquez de Abreu*, No. 16-CR-564 (RJD) (E.D.N.Y.); *United States v. Greebel*, No. 15-CR-637 (KAM) (E.D.N.Y.); *United States v. Mayes et al.*, No. 12-CR-385 (ARR) (E.D.N.Y.).

[19] Adapted from Sand, Instrs. 4.14, 3.05; *United States v. Jefferys*, No. 18-CR-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order).

evidence, or to use a particular investigative technique.  Although the government bears the burden of proof, and although a reasonable doubt can arise from the lack of evidence, you are instructed that the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

During the trial you may have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the government.  There is no legal requirement, however, that the government prove its case through any particular means.  Although you are to carefully consider the evidence presented by the government, you are not to speculate as to why the government used the techniques it did or why it did not use other techniques.  The government is not on trial. Law enforcement techniques are not of your concern.  Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt as to each Count beyond a reasonable doubt.

## 22.  Evidence Lawfully Obtained[20]

During this trial, you have heard evidence about a variety of

---

[20] Adapted from *United States v. Pena*, No. 21-CR-176 (AMD) (E.D.N.Y); *United States v. Moeleek Harrell, et al.*, No. 20-CR-239 (BMC) (E.D.N.Y.); *United States v. Pippins*, No. 19-CR-378 (PKC) (E.D.N.Y.); *United States v. Tunstall*, No. 18-CR-675 (JMA) (E.D.N.Y.); *United States v. Zottola, et al.*, No. 18-CR-609 (HG) (E.D.N.Y.).

31

investigative techniques and methods of collecting evidence, including evidence recovered during searches of certain residences, cell phones, and social media accounts. I instruct you that any evidence that was presented to you was obtained legally, and you can consider it. The methods used to collect evidence or to investigate should not enter into your deliberations in any respect.

You have also heard and seen evidence in the form of messages and other written conversations that may have been obtained without the knowledge of some or all of the parties to those conversations, including evidence obtained pursuant to searches of cell phones and social media accounts. Again, I instruct you that any evidence that was presented to you was obtained legally and you may consider it.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved Mr. Clanton's guilt beyond a reasonable doubt.

## 23. Fleeing as Consciousness of Guilt[21]

The government argues that statements or actions made by the defendant after his arrest may be considered as evidence of flight

---

[21] Adapted from *United States v. Jefferys*, No. 18-CR-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order).

and therefore evidence of consciousness of guilt.

You may find, but are not required to find, that fleeing may be an admission by conduct. Its probative value as circumstantial evidence of guilt depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

Therefore, before you can use evidence of flight in your deliberations to determine whether the government has proven its case on any particular count beyond a reasonable doubt, you first must consider whether these four inferences can be drawn.

After considering all of the evidence, if you find there is a reasonable doubt with respect to a particular charge, you should acquit him of that charge.

On the other hand, if you are satisfied the government has proven the defendant guilty of a particular charge beyond a reasonable doubt of a particular charge, you should find him guilty of that charge.

## II. THE CHARGES

I will now instruct you as to the specific legal elements of the crimes charged in the superseding indictment, which I have referred to and will continue to refer to as the indictment.

## 1. Knowledge and Intent[22]

Because each count in the indictment implicates the concepts of knowledge and intent, I will instruct you at the outset about these principles.

As a general rule, the law holds persons accountable only for conduct they intentionally engage in. Thus, before you can find a defendant guilty, you must be satisfied that the defendant was acting knowingly and intentionally.

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven by his words and conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" when he acts deliberately and purposefully. That is, a defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or an accident.

To act "knowingly" or "intentionally," the person need not be aware of the specific law or rule that his conduct may violate, but he must act with the specific intent to do whatever it is the law forbids.

These issues of knowledge and intent require you to make a

---

[22] Adapted from *United States v. Morrison*, No. 20-CR-216 (AMD) (E.D.N.Y.); *United States v. Servider*, No. 15-CR-174 (ENV) (E.D.N.Y.); Sand, Instrs. 3A-1, 3A-4.

determination about the defendant's state of mind, something that is rarely proven directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the state of mind of the defendant. Indeed, in your everyday affairs you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

## 2. The Indictment

In order to place my instructions in context, I will start by giving you a summary of the crimes charged in the indictment. After summarizing the charges, I will instruct you on the details as to the law that you will apply to each charge in the indictment. And finally, I will give you further rules with respect to your deliberations.

Some counts of the indictment accuse the defendant of violating the same statute in more than one way. The indictment may allege that the defendant violated the statute by various acts which are joined in the indictment by the word "and," while the statute and the elements of the offense are stated using the word "or." In these instances, it is enough for a finding of guilt if the evidence established beyond a reasonable doubt the violation

of the statute by any one of the acts charged.[23]

The Counts of the indictment are arranged chronologically. **Count One** charges Mr. Clanton with participating in a Hobbs Act Robbery Conspiracy in or about and between January 2023 and July 2023. **Count Two** charges a specific Hobbs Act robbery that took place on or about June 3, 2023. **Count Three** charges Mr. Clanton with using, carrying and brandishing at least one gun in connection with a crime of violence, specifically the Hobbs Act robbery charged in Count Two. **Count Four** charges Mr. Clanton with an attempted Hobbs Act robbery on or about June 27, 2023. **Count Five** – like Count Two – charges Mr. Clanton with a specific Hobbs Act robbery on or about July 12, 2023.

I have summarized the counts in the indictment simply to give you an overview of the charges. I reiterate that the indictment is only an accusation.  The indictment is not evidence.

In your deliberations as to each count, you must, as a matter of law, consider each count of the indictment separately, and you must return a separate verdict on each count in which Mr. Clanton is charged.  Your verdict as to each count must be unanimous. Whether you find the defendant guilty or not guilty as to one count must not affect your verdict as to the other charged counts.

---

[23] Adapted from Sand, Instr. 3-12.

DRAFT                                          **Court Ex. 2**
                                            **Jury Instructions**

### 3. Conspiracy Generally[24]

Count One of the indictment alleges that the defendant participated in a criminal conspiracy. Therefore, first, I will instruct you on the elements of conspiracy generally. I will then give you instructions on the specific law that the indictment charges the defendant with conspiring to violate – that is, Hobbs Act robbery.

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose. It is sometimes referred to as a criminal partnership. The crime of conspiracy is an offense separate from the crime the alleged conspirators intended to commit. A conspiracy is in and of itself a crime. If a conspiracy exists, even if it fails to achieve its purpose, it is still punishable as a crime.

The elements of the crime of conspiracy are:

<u>First</u>, that two or more persons entered into the particular unlawful agreement charged in the conspiracy count that you are considering, here Count One; and

<u>Second</u>, that the defendant knowingly and intentionally became a member of the conspiracy. In other words, that the defendant participated in the conspiracy with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention

---

[24] Adapted from *United States v. Jefferys*, No. 18-cr-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order).

DRAFT                                                        DRAFT

of aiding in the accomplishment of those unlawful ends.

The <u>first element</u> requires that the government prove beyond a reasonable doubt that at least two conspirators had a meeting of the minds, and that they agreed to work together to accomplish the unlawful object of the charged conspiracy. In other words, one cannot commit the crime of conspiracy by oneself. Rather, the proof must convince you that at least two persons had joined together in a common criminal scheme.

You do not have to find that the alleged members of the conspiracy met together and entered into any express or formal agreement. You also do not have to find that the alleged conspirators stated, in words or writing, what the scheme was, its purpose, or every detail of the scheme, or the means by which its purpose was to be accomplished. It is sufficient for the government to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

Because conspiracy is, by its very nature, often characterized by secrecy, you may infer its existence from the circumstances and the conduct of the parties and others involved. You may consider the actions and statements of all of these persons as proof that a common design existed to act together for the accomplishment of an unlawful purpose. In short, you may consider all the evidence before you, and the reasonable inferences that

38

may be drawn from all this evidence.  Indeed, common sense would
suggest that when people do, in fact, undertake to enter into a
conspiracy, much is left to an unexpressed understanding.  What
the Government must prove beyond a reasonable doubt is that there
was a mutual understanding, either spoken or unspoken, between two
or more people to cooperate with each other to accomplish an
unlawful act by means of a joint plan or common design.

The <u>second element</u> requires that the government prove that
the defendant was a member of that conspiracy.  That is, if you
find a conspiracy existed, you must determine whether the defendant
knowingly and intentionally became a participant in the
conspiracy.  I have already instructed you as to the terms
"knowingly" and "intentionally," and you should apply those
instructions here.  Proof of a financial interest in the outcome
of a scheme is not essential, although if you find that a defendant
did have a financial interest in the outcome of a scheme, you may
consider that as evidence of a defendant's motive to join the
conspiracy.

As I have already instructed you, a defendant's knowledge is
a matter of inference from the facts proved.  To become a member
of the conspiracy, a defendant need not have known the identities
of every member, nor need he have been informed of all of their
activities.  A defendant need not have been fully informed of all
the details or the scope of the conspiracy in order to justify an

39

DRAFT                                    Court Ex. 2
                                    Jury Instructions

inference of knowledge on his part.  A defendant need not have joined in all of a conspiracy's unlawful objectives.  A conspirator's guilt is not measured by the extent or duration of his participation.  In other words, the law does not require a defendant to play an equal role in the conspiracy as another defendant or conspirator.  Some conspirators may play major roles, while others may play minor ones.  Each member may perform separate and distinct acts and may perform them at different times.  Even a single act may be sufficient to draw a defendant within the circle of a conspiracy.  A person who intentionally joins an existing conspiracy is charged with the same responsibility as if he had been one of the originators or instigators of the conspiracy.  In other words, did the defendant join the particular conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement?  And did the defendant participate in the particular conspiracy with the intention of furthering its business or objectives?

Thus, if you find that the conspiracy existed, and if you further find that a defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material.  The government also need not prove that the defendant actually committed the unlawful act or acts charged as the objective of the conspiracy.  Instead, the government must prove beyond a reasonable doubt only that the purpose of the conspiracy

40

DRAFT                                                      DRAFT

was to commit an act or acts that are unlawful.

I want to caution you, however, that a defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know, or be friendly with someone who has committed a crime without committing a crime themselves. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation in the unlawful plan, is not sufficient. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, to be found guilty of conspiracy, a defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. In doing so he

thereby becomes a knowing and intentional participant in the unlawful agreement—that is to say, a conspirator.

### 4. Count One: Hobbs Act Robbery Conspiracy[25]

Count One of the indictment charges the defendant specifically with conspiring to obstruct interstate commerce through the use of robbery in violation of section 1951 of Title 18 of the United States Code, also known as the "Hobbs Act." That section, in pertinent part, provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of an article or commodity in commerce, by robbery . . . or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section [commits a crime].

> 18 U.S.C. § 1951(a).

Specifically, the defendant is charged with conspiring to obstruct, delay, and affect commerce by the robbery of United States currency and goods from one or more operators of one or more commercial establishments.

Count One reads as follows:

> In or about and between January 2023 and July 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TONY CLANTON, also known as "Tone," LAWRENCE DOTSON and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did knowingly and intentionally conspire to obstruct,

---

[25] Adapted from *United States v. Jefferys*, No. 18-cr-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order); *United States v. Hill*, No. 12-CR-214 (KAM) (E.D.N.Y.); *United States v. Morrison*, No. 20-CR-216 (AMD) (E.D.N.Y.); Sand, Instrs. 3A-1, 3A-4; 50-1 to 50-7.

delay and affect commerce, and the movement of articles and commodities in commerce, by the robbery of United States currency and goods from one or more operators of one or more commercial establishments.

As I have already explained, in order to prove that the defendant committed the crime charged in Count One, the government must prove each of the following elements of conspiracy beyond a reasonable doubt:

First, that two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, in this case Hobbs Act robbery – that is, to intentionally obstruct, delay, or affect commerce, and the movement of articles and commodities in commerce, by agreeing to commit a robbery of United States currency and goods from one or more operators of one or more commercial establishments.

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

Thus, in order for you to determine whether the government has proven the charged conspiracy, I need to explain the meaning of "robbery" under the Hobbs Act.  The Hobbs Act defines "robbery" as:

> The unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property or property in his custody or possession, or the person or property of anyone in his company

at the timing of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

The elements of Hobbs Act robbery are:

First, that the defendant obtained or took the personal property of one or more individuals;

Second, that the defendant took this property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future;

Third, that the objective of the robbery in some way or degree would have affected commerce over which the United States has jurisdiction. Even a slight effect on commerce suffices, and the commerce that is affected need not be lawful commerce; and

Fourth, that the defendant acted knowingly and intentionally.

### A.    First Element: Taking the Personal Property of Another

The first element the government must prove beyond a reasonable doubt is that the defendant took or obtained the personal property of another.  The term "property" includes money and other tangible and intangible things of which are capable of being transferred from one person to another.

### B.    Second Element: Robbery

The second element the government must prove beyond a reasonable doubt is that the defendant committed robbery.  Robbery is the unlawful taking or obtaining of personal property from another, against his or her will.  This is done by threatening or

actually using force, violence, or fear of injury, immediately or in the future, to person or property.

"Force" means violent force — that is, force capable of causing physical pain or injury to another person.  You should give the words "violence" or "fear" their common and ordinary meaning, and understand them as you normally would in your everyday lives.  The use or threat of force, violence, or fear is unlawful if it is aimed at causing economic or physical injury.  A threat may be made verbally, directly, or by implication.  Whether a statement or physical gesture actually was a threat depends upon the surrounding facts.  Fear of injury exists where a victim experienced anxiety, concern or worry over expected personal harm or business loss.

### C.    Third Element: Affecting Interstate Commerce

If you decide that the defendant took or obtained another's property by robbery, you must then decide whether the government has proven beyond a reasonable doubt that this action had the potential to affect commerce between one State and the District of Columbia, or commerce within one state that goes through any place outside the state.  The government must prove beyond a reasonable doubt that the acts had an effect, however minimal, on interstate commerce.  If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element.  The effect can be minimal.  The defendant need not have anticipated

45

or intended the effect on commerce.

### D.    Fourth Element: Knowledge and Intent

The final element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and intentionally. I have already instructed you as to what it means to act "knowing and intentionally" and you should apply those instructions here.

I remind you that this count does not allege that a Hobbs Act robbery was actually committed and the government does not need to prove that the Hobbs Act robbery was successful. Rather, Count One charges the defendant with conspiring to commit a Hobbs Act robbery.

### 5. Count Two: Hobbs Act Robbery[26]

Count Two of the indictment charges the defendant with a Hobbs Act robbery on or about June 3, 2023.

Count Two states:

> On or about June 3, 2023, within the Eastern District of New York and elsewhere, the defendants TONY CLANTON, also known as "Tone," LAWRENCE DOTSON and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by the robbery of an operator of a smoke shop business in Staten Island, New York.

---

[26] Adapted from *United States v. Hill*, No. 12-CR-214 (KAM) (E.D.N.Y.).

I have just instructed you on the elements of Hobbs Act robbery and on the definitions of property, force, violence and fear. I have also instructed you on the meaning of interstate or foreign commerce and what it means to act "knowingly and intentionally." You should apply those instructions here.

## A.    Forms of Liability[27]

In Count Two, the defendant is also charged under Section 2 of Title 18 of the United States Code, also known as the aiding and abetting statute. The aiding and abetting statute provides that:

> (a)  Whoever commits an offense . . . or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

> (b)  Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Under this statute, for you to find a defendant guilty, it is not necessary for the government to show that the defendant himself was a principal of the crime, or someone who physically committed the charged crime. This is because, under the law, a person who aids or abets another in committing a crime or willfully causes another to commit a crime is just as guilty of that crime as if he committed it himself—that is, as though he were a principal of the

---

[27] Adapted from *United States v. Jefferys*, No. 19-CR-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order); *United States v. Morrison*, No. 20-CR-216 (AMD) (E.D.N.Y.); *United States v. Servider*, No. 15-CR-174 (ENV) (E.D.N.Y.); Sand, Instrs. 11-2, 11-3.

crime, as referenced in the statute.

Accordingly, you may find a defendant guilty of the Hobbs Act robbery charged in Count Two if you find beyond a reasonable doubt that the government has proven that another person or persons actually physically committed the robbery, and that the defendant aided or abetted that person or persons in the commission of the robbery or caused them to commit the robbery.

As I have indicated, the first requirement for aiding and abetting is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting criminal acts or causing another to commit criminal acts if no criminal acts were committed in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime or caused it to be committed.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associates himself in some way with the crime, and that he participates in the crime by doing some act to help make the crime succeed.

To establish that the defendant knowingly associated himself with the crime, the government must establish that the defendant knew and intended that the crime charged in Count Two would be committed.

To establish that the defendant participated in the

commission of the crime, the government must prove that the defendant knowingly engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

Participation in a crime is willful if done voluntarily and intentionally and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done, that is to say, with a bad purpose either to disobey or disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

### B.   Willfully Causing a Crime to Be Committed[28]

With respect to willfully causing a crime to be committed, the phrase "willfully caused" does not mean that the defendant himself need have physically committed the robberies or supervised

---

[28] Adapted from Sand, Instr. 11-3.

or participated in the actual criminal conduct charged in the indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did the defendant know that a Hobbs Act robbery was going to occur?  That is, did he know that a victim's personal property was going to be obtained against that victim's will, by use of actual or threatened force, violence, or fear of injury, and intend for that crime to occur?

Second, did the defendant intentionally cause another person to obtain a victim's personal property against that victim's will by use of actual or threatened force, violence, or fear of injury?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant is guilty of the crime charged just as if he himself had physically committed it and you should find that that defendant committed Hobbs Act robbery with respect to that count.

### 6. Count Three: Use of a Firearm[29]

Count Three of the indictment charges the defendant with using and carrying a firearm during and in relation to, and possessing

---

[29] Adapted from *United States v. Jefferys*, No. 19-CR-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order); *United States v. Pena*, No. 21-CR-176 (AMD) (E.D.N.Y); *United States v. Morrison*, No. 20-CR-216 (AMD) (E.D.N.Y.); *United States v. Jean*, No. 19-CR-123 (JS); Sand, Instrs. 19-13, 35-85 to 35-90.  *See also United States v. Hill*, 832 F.3d 135 (2d Cir. 2016) (Hobbs Act robbery is a crime of violence).

a firearm in furtherance of, a crime of violence, specifically, the Hobbs Act robbery charged in Count Two.

Count Three States:

> On or about June 3, 2023, within the Eastern District of New York and elsewhere, the defendants TONY CLANTON, also known as "Tone," LAWRENCE DOTSON and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished.

I instruct you that Section 924(c)(1)(A)(ii) of Title 18 of the United States Code states in pertinent part:

> [A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or whoever possesses a firearm in furtherance of such a crime [shall be guilty of a crime].

> Title 18 U.S.C. 924(c)(1)(A)(ii).

If you find that the government has failed to sustain its burden of proof as to Count Two, then you will not proceed to Count Three.  In order to find the defendant guilty of the crime charged in Count Three, you must find the defendant guilty of the predicate crime charged in Count Two, Hobbs Act robbery, and that during and in relation to the commission of that crime, the defendant knowingly used and carried a firearm.

In order to prove the crime of using and carrying a firearm

in relation to a crime of violence, the government, initially, must establish the following two elements beyond a reasonable doubt:

First, that the defendant committed a crime of violence for which he might be prosecuted in a court of the United States; and

Second, that the defendant either knowingly and intentionally used or carried a firearm during and in relation to the commission of the crime of violence, or knowingly and intentionally possessed a firearm in furtherance of that crime, or aided and abetted another person doing so.

### A.    First Element: Commission of a Crime of Violence

As to the first element, the government must prove that the defendant committed a crime of violence for which he might be prosecuted in a court of the United States. I instruct you that the crime charged in Count Two, Hobbs Act robbery, is a crime of violence.  However, it is for you to determine whether the government has proven beyond a reasonable doubt that the defendant committed that crime.  If you find that the government failed to prove the defendant's guilt as to Count Two, then you must find the defendant not guilty of Count Three as well.  If, however, you find the defendant guilty of Count Two, then the crime of violence element is satisfied as to the defendant.

**B.    Second Element: Use, Carrying, or Possession of a Firearm**

As to the second element, the government must prove beyond a reasonable doubt that the defendant either knowingly and intentionally used or carried a firearm during and in relation to the commission of the crime of violence, or knowingly and intentionally possessed a firearm in furtherance of the crime.

A "firearm" is any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term also includes the frame or receiver of any such weapon, or any firearm silencer or muffler, or destructive device.

To prove this second element beyond a reasonable doubt, the government must prove either "use," "carrying," or "possession."

To prove that the defendant "used" the firearm, the government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the crime of violence.  This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon.  Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm.  However, the mere possession of a firearm at or near the site of the crime without active employment

53

as I just described it is not sufficient to constitute a use of the firearm.

To prove that the defendant "carried" the firearm, the government must prove beyond a reasonable doubt that the defendant had the weapon within his control in such a way that it furthered the commission of the crime of violence or was an integral part of the commission of the crime. The defendant did not necessarily have to hold the firearm physically, that is, have actual possession of it on his person. If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm in such a way that it furthered the commission of the crime of violence, you may find that the government has proven that the defendant carried the weapon.

To prove that the firearm was used or carried "during and in relation to" the commission of a crime of violence, the government must prove that it was an integral part of the commission of the crime, and that it furthered or facilitated the crime; it is not sufficient if the carrying was inadvertent, coincidental, or for some purpose other than furthering or facilitating the crime.

As I told you, the second element may also be satisfied by proof that the defendant "possessed" the firearm in furtherance of a crime of violence. To prove that the defendant possessed the firearm in furtherance of the crime, the government must prove

54

that the defendant had possession of the firearm and that such possession was in furtherance of that crime.  Possession means that defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm.  To possess a firearm in furtherance of the crime means that the firearm helped forward, advance or promote the commission of the crime.  The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

Finally, to satisfy this element, you must also find that the defendant carried or possessed the firearm knowingly and intentionally. I have already instructed you on what is meant by "knowingly" and "intentionally" and you should apply those instructions here.  In this context, though, it also means that the defendant knew that the weapon was a firearm; however, the government is not required to prove that he knew he was breaking the law.

### C.    Aiding and Abetting

You may also find a defendant guilty of Count Three if the government has proven beyond a reasonable doubt that the defendant aided and abetted another person in using or carrying a firearm during and in relation to, or in possessing a firearm in

furtherance of, a crime of violence.  There are specific rules governing the application of the aiding and abetting theory to Count Three.  In determining whether a defendant is guilty as an aider and abettor, you must follow the general instructions on aiding and abetting that I have already given you, as well as the additional instructions I will give you now.

However, you may not find the defendant guilty of aiding and abetting the use or carrying of a firearm unless you first find that he is guilty of the underlying crime charged in Count Two. Additionally, it is not enough for the government to simply show that the defendant aided and abetted another person in the commission of the underlying offense.  The government must prove beyond a reasonable doubt that the defendant performed some act that directly facilitated or encouraged the other perpetrator in the use or carrying of a firearm.  That is, the defendant must have actively assisted the other person in using or carrying the firearm so that he could commit the specific crime of violence charged in Count Two.

Additionally, in this context, a person acts with the requisite intent if he had advance knowledge that a co-conspirator would use or carry a firearm during and in relation to, or possess a firearm in furtherance of, a crime of violence.  Advance knowledge means knowledge at a time when the person can still attempt to alter the plan or withdraw from the conspiracy.

Knowledge of the firearm may, but does not have to, exist before the underlying crime is begun.  It is sufficient if the knowledge is gained in the midst of the underlying crime, as long as the individual continues to participate in the crime after having a realistic opportunity to withdraw.  You may, but are not required to, infer that a defendant had sufficient advance knowledge if you find that the defendant continued his participation in the crime after learning about the use, carrying, or possession of a firearm by a co-conspirator.

### D.    Co-Conspirator Liability[30]

If you find beyond a reasonable doubt that the defendant was a member of the Hobbs Act robbery conspiracy charged in Count One, and thus guilty on the conspiracy count, but you do not find that the government has satisfied its burden of proving that the defendant is guilty as a principal or as an aider and abettor as to Counts Two and Three, then you may find the defendant guilty of the substantive crimes charged in Counts Two and Three through what is known as accomplice or co-conspirator liability.  In order to find the defendant guilty through co-conspirator liability, you must find that each of the following elements is proven beyond a reasonable doubt for the count you are considering:

First, that the substantive crime charged in the count you

---

[30] Adapted from Sand, Instr. 19-13.

are considering was committed (here Count Two or Count Three);

Second, that the defendant was a member of the conspiracy charged in Count One;

Third, that the crime charged in the count you are considering was committed pursuant to a common plan and understanding you found to exist among the conspirators in the conspiracy alleged in Count One;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime charged in the count you are considering was committed; and

Fifth, that the defendant could have reasonably foreseen that the substantive crime charged in the count you are considering might be committed by his co-conspirators in the conspiracy alleged in Count One.

If you find all five of these elements to be proven beyond a reasonable doubt as to Count Two or Count Three, then you may find the defendant guilty of Count Two or Count Three on that basis, even if he did not personally participate in the acts constituting the crime or did not have actual knowledge of those acts.

The reason for this rule is simply that a co-conspirator who commits a crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the crimes committed by its members.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty under this particular theory of the substantive crimes charged in Count Two and Count Three.  You can, however, still find the defendant guilty of the substantive crimes in Count Two and Count Three if, as I have already instructed you, the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, that crime.

**E.    Additional Element as to Count Three: Brandishing**

If you find a defendant guilty of Count Three, then you will be asked to make an additional finding.  Specifically, you will be asked to decide whether the government has proven beyond a reasonable doubt that the firearm was brandished.  There will be a separate space on the verdict sheet for you to indicate this finding.

To brandish a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

**1.    Aiding and Abetting as to Brandishing**

If you find that a defendant is guilty of aiding and abetting the offense of using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a crime of violence, you must also determine if the defendant is guilty of aiding and

abetting the brandishing of a firearm during and in relation to the crime of violence.

A defendant is guilty of aiding and abetting the brandishing of a firearm if he had advance knowledge that a co-conspirator would display or make the presence of a firearm known for purposes of intimidation.  The defendant need not have had advance knowledge that a co-conspirator would actually brandish the firearm; this requirement is satisfied if the defendant knew that a co-conspirator intended to brandish a firearm to intimidate if the need arose.

### 7. Count Four: Attempted Hobbs Act Robbery[31]

Count Four charges the defendant with attempting to commit a Hobbs Act robbery on or about June 27, 2023.

Count Four reads as follows:

> On or about June 27, 2023, within the Eastern District of New York and elsewhere, the defendants TONY CLANTON, also known as "Tone," LAWRENCE DOTSON and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by the robbery of an operator of a jewelry store in Edison, New Jersey.

To prove the defendant attempted to commit a Hobbs Act robbery, the government must establish the following two elements

---

[31] Adapted from *United States v. Jefferys*, No. 19-CR-359 (KAM) (E.D.N.Y.), *affirmed*, 2022 WL 9627085 (2d Cir. Oct. 17, 2022) (Summary Order); Sand, Instrs. 10-1, 10-3.

**Court Ex. 2**
                                                            **Jury Instructions**

beyond a reasonable doubt:

First, the defendant intended to commit a Hobbs Act robbery;

Second, the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

As to the first element, the government must prove beyond a reasonable doubt that the defendant intended to commit a Hobbs Act robbery on or about June 27, 2023.  I have already instructed you on the elements of Hobbs Act robbery and on the definitions of property, force, violence and fear.  I have also instructed you on the meaning of interstate or foreign commerce and what it means to act "knowingly and intentionally."  You should apply those instructions here.

As to the second element, the government must prove that the defendant took a "substantial step" toward his goal of committing a Hobbs Act robbery on or about July 31, 2015.  Mere intention to commit a specific crime does not amount to an attempt.  To convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action that was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation, on the one hand, and the actual doing of the criminal deed on the other.  Mere

preparation, which may consist of planning the offense, or of devising, obtaining, or arranging a means for its commission, is not an attempt, although some preparation may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

### A.    Aiding and Abetting

In Count Four, the defendant is also charged under Section 2 of Title 18 of the United States Code, also known as the aiding and abetting statute.  I have already instructed you on liability as an aider and abettor, as well as co-conspirator liability.  You should apply those instructions here.

### 8. Count Five: Hobbs Act Robbery

Count Five of the Indictment charges the defendants with Hobbs Act robbery on or about July 12, 2023.  Count Five states:

> On about July 12, 2023, within the Eastern District of New York and elsewhere, the defendant TONY CLANTON, also known as "Tone," and RAMEEN SMITH, also known as "Kream" and "Ise Kream," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by the robbery of an operator of an ice-cream business in Brooklyn, New York.

I have already instructed you on the elements of Hobbs Act robbery and on the definitions of property, force, violence and fear.  I have also instructed you on the meaning of interstate or

foreign commerce and what it means to act "knowingly and intentionally." You should apply those instructions here.

I have also already instructed you on liability as an aider and abettor, as well as co-conspirator liability. You should apply those instructions here.

### III. CLOSING INSTRUCTIONS

I will now give you some final instructions before you are to return to the jury room to deliberate.

### 1. Duty to Deliberate; Punishment

All of you have a duty to deliberate. Your function, to reach a unanimous and fair conclusion from the law and the evidence, is an important one. When you retire to the jury room, you may finally discuss this case. It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view of reaching agreement on a unanimous verdict, if you can do so without violating your individual judgment and conscience. In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is. Moreover, each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. Nevertheless, I do ask you to examine the issues and evidence before you with candor and frankness, and with a proper deference to and regard for the opinions of one another. Do not hesitate to change your opinions if you become convinced

that they were wrong.

I instruct you that the question of possible punishment of the defendant is of no concern to the jury and should not, in any way, enter into or influence your deliberations. Your sole role is to decide whether the government has proven beyond a reasonable doubt, the charges in this case. The duty of imposing sentence rests exclusively with the court, if the defendant is found guilty. Your function is to weigh the evidence in the case and to determine whether or not the government has proven the the defendant guilty on each Count beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if you find him guilty, to influence your verdict in any way, or in any sense enter into your deliberations.

In addition, during your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use an electronic device or media, such as a telephone, cellphone, smartphone, iPhone, Blackberry, smartwatch, computer, the internet, any internet service, any text or instant messaging service, any internet chatroom, blog, or website such as Facebook, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with

64

anyone, or electronically communicate with anyone about this case. You may only discuss this case in the jury room with all of your fellow jurors during deliberations. All jurors must be present when you deliberate. So if one of you steps out to use the restroom, you must stop your deliberations until that juror returns.

### 2. Unanimous Verdict Required

I reiterate that your verdict must be unanimous. That is, with respect to each Count, you must all agree as to whether your verdict is guilty or not guilty.

### 3. Consider Only the Charges[32]

The defendant is not charged with committing any offenses other than the offenses contained in the indictment. You have heard evidence of other acts allegedly committed by the defendant as direct evidence of the conspiracy charged in Count One or for you to consider the defendant's motive, opportunity, intent, preparation, knowledge, identity, plan, absence of mistake or accident. You are only to return a verdict as to each charge contained in the indictment.

### 4. Selection of a Foreperson

When you retire to the jury room, you will choose one member of your jury as your foreperson. That person will preside over

---

[32] Adapted from Sand, Instrs. 3-3.

the deliberations and speak for you here in open court.  So that that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, the foreperson's vote and views are not entitled to any greater weight than that of any other juror.  That person is simply a kind of organizer, a communications conduit between the jury and the court.

## 5. Communications with the Court

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed and dated by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me or any court personnel by any means other than a signed writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.  In your note, do not ever disclose how the jury stands numerically or otherwise on the question of whether the defendant is guilty or not guilty.  Just stick to the question that you need to have answered.

## 6. Right to See Exhibits and Have Testimony Read During Deliberations

You will have most of the exhibits and a list of exhibits received in evidence during the trial in the jury room with you. If you wish to have any portion of the testimony repeated, you may simply indicate that in a note.  But please be as specific as

possible if you make a request to hear testimony read back. Let us know which exhibit or which part of which specific witness's testimony you want to hear; if you can, provide the name of the witness and subject matter of his or her testimony. Please be patient while we locate it. You will have these instructions in the jury room during your deliberations but if you need further instructions on any point of law, you should request that in a signed note.

**7. Return of the Verdict**

When you all have reached a unanimous verdict, simply send me a note signed by your foreperson that states that you have reached a unanimous verdict. But do not indicate in the note what your verdict is.

To report a verdict, you must be unanimous in all respects, and you must be prepared to render a verdict for each count with which the defendant is charged in the indictment.

To help you, I have prepared a verdict sheet that may be of assistance to you in your deliberations. On the verdict sheet are spaces marked "guilty" or "not guilty" for each count. The sheet is in no way intended to indicate how you must deliberate or decide the facts in this case. The foreperson should use a checkmark in the appropriate space indicating either "guilty" or "not guilty" for each count of the indictment with which the defendant is charged. There may be other questions that the foreperson should

check.  The foreperson should also place his or her initials and the date beside each check mark on the verdict sheet and should then sign and date the verdict sheet.

## 8. Conclusion

Finally, I want to remind all of you of the oath that you took when you were sworn as a juror at the beginning of this case. Remember in your deliberations that this case is no passing matter for the government or for the defendant.  The parties and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest extent your oaths as jurors:  to well and truly try the issues of this case and a true verdict render.

Before asking you to retire and begin your deliberations, I will consult with counsel to be certain that I have not overlooked any points.