United States District Court
Eastern District of New York

------------------------------------X

United States of America,

    - against -                                    **Order**

Tony Clanton,                                  No. 23-cr-328 (KAM)

           *Defendant.*

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

On April 21, 2025, after a six-day trial, a jury found Tony Clanton guilty of five counts of a superseding indictment charging him with one count of Hobbs Act Robbery Conspiracy (Count One), two counts of completed Hobbs Act Robbery (Counts Two and Five), one count of attempted Hobbs Act Robbery (Count Four), and one count of use of a firearm during a crime of violence, specifically, the Hobbs Act Robbery charged in Count Two (Count Three).  After the Court denied Mr. Clanton's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, (ECF No. 332[1]), Mr. Clanton filed the instant motion for a new trial pursuant to Rule 33, (ECF No. 384), on the basis of the government's purported violations of its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and the Due Process Clause of the Fifth Amendment.  The government filed a response in opposition.  (ECF

---

[1] Pincites in this Order refer to the page numbers generated by CM/ECF.

No. 394 ("Gov't Opp.").)

Given the extensive litigation in this case, the Court assumes familiarity with the background of this case.[2]  For the reasons explained below, the Court respectfully DENIES Mr. Clanton's Rule 33 motion.

**LEGAL STANDARD**

Rule 33 provides two grounds upon which a defendant can seek a new trial – "newly discovered evidence" under Rule 33(b)(1) and "any reason other than newly discovered evidence" under Rule 33(b)(2):

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> (b) Time to File.
>
> (1) *Newly Discovered Evidence.* Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> (2) *Other Grounds.* Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

"District courts 'must exercise the Rule 33 authority sparingly

---

[2] *See, e.g.*, *United States v. Clanton*, 791 F. Supp. 3d 368 (E.D.N.Y. 2025) (the Court's ruling on Mr. Clanton's Rule 29 motion); *United States v. Clanton*, 758 F. Supp. 3d 93 (E.D.N.Y. 2024) (the Court's rulings on the parties' motions in limine).

and in the most extraordinary circumstances.'" *United States v. Muja*, 365 F. App'x 245, 246 (2d Cir. 2010) (summary order) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir.2001)).

"Relief under Rule 33 based on newly discovered evidence may be granted only upon a showing that (1) the evidence [was] newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal." *United States v. Forbes*, 790 F.3d 403, 406-07 (2d Cir. 2015) (internal quotations omitted).

"[A defendant] seeking a new trial on the basis of an alleged *Brady* violation bears the burden of demonstrating both that the Government suppressed exculpatory information and that this information was material." *United States v. Constantine*, No. 20-4278, 2022 WL 950954, at *1 (2d Cir. Mar. 30, 2022) (summary order) (quoting *United States v. Brunshtein*, 344 F.3d 91, 101 (2d Cir. 2003)). "In assessing a *Brady* claim, '[e]vidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence.'" *United States v. Sessa*, No. 92-cr-351 (ARR), 2011 WL 256330, at *23 (E.D.N.Y. Jan. 25, 2011), *aff'd*, 711 F.3d 316 (2d Cir. 2013) (quoting *United States v. LeRoy,* 687 F.2d 610, 618 (2d Cir. 1982)).

**DISCUSSION**

Mr. Clanton advances two arguments in his instant Rule 33 motion. *First*, Mr. Clanton argues, under Rule 33(b)(1), that the contents of one of his several phones constitutes newly discovered exculpatory evidence that should have been disclosed under *Brady*. *Second*, he argues, under Rule 33(b)(2), that the government failed to correct witness Lawrence Dotson's purportedly perjurious testimony and asserts excusable neglect as a basis for the Court to consider this otherwise time-barred motion. As discussed below, both arguments are wholly meritless.

## I.    Mr. Clanton's 8034 Phone

Mr. Clanton's first argument concerns his Samsung phone with a phone number ending in 8034 (the "8034 Phone" or "Samsung phone"). (ECF No. 384 at 6.) Mr. Clanton argues that this phone, seized by the government from his home, on July 25, 2023, pursuant to a search warrant, contains newly discovered, exculpatory evidence warranting relief under Rule 33. (*Id.*) But well-established Second Circuit precedent forecloses any such argument because it is impossible for Mr. Clanton's *own* phone to constitute "newly discovered" evidence within the meaning of Rule 33.

Mr. Clanton asserts that it is "crystal clear" that he was the user of the 8034 Phone "during the period of the charged robberies," and "the government seized this phone from Clanton's home." (*Id.* at 6, 19.) Mr. Clanton obviously knew of the existence

4

of his *own* phone prior to trial and could have sought evidence derived from such phone as part of his defense case.

Indeed, the 8034 Phone seized from Mr. Clanton's home was not searched or introduced by the government, but the government disclosed to Mr. Clanton that he was the non-exclusive user of the 8034 Phone and that the 8034 number communicated with other phone numbers, the 2967 and 8087 numbers used in the robberies. (ECF 394, Gov't Opp., at 3.) Moreover, even though the government did not introduce the 8034 Phone at trial, the government included it on its exhibit list as GX 903 (with the following description: "Samsung cell phone seized from defendant Tony Clanton's residence on July 25, 2023," (*see* ECF No. 84-1 at 15)) and "made it and other physical evidence available for the defense to inspect on or about March 21, 2024." (ECF 394, Gov't Opp., at 8.) "[N]either party ultimately introduced the [8034] Samsung Device at trial." (*Id.*)

Mr. Clanton's 8034 Phone was not "newly discovered" because "[o]ne does not 'discover' evidence after trial that one was *aware of* prior to trial." *United States v. Owen*, 500 F.3d 83, 89–90 (2d Cir. 2007) (emphasis in original). "To hold otherwise would create the perverse situation where a defendant could intentionally not request or obtain [evidence] for trial that he knows or believes contain information relevant to his case only to request them after trial and argue that they are newly discovered evidence warranting

5

a new trial."[3]  *United States v. Rosario*, No. S2 14-CR-603 (VSB), 2017 WL 3841867, at *8 (S.D.N.Y. Sept. 1, 2017).

Mr. Clanton also argues the 8034 Phone was suppressed by the government in violation of *Brady* and its progeny.  This argument is similarly meritless.  "[A defendant] seeking a new trial on the basis of an alleged *Brady* violation bears the burden of demonstrating both that the Government suppressed exculpatory information and that this information was material." *United States v. Constantine*, No. 20-4278, 2022 WL 950954, at *1 (2d Cir. Mar. 30, 2022) (summary order) (quoting *United States v. Brunshtein*, 344 F.3d 91, 101 (2d Cir. 2003)).  "In assessing a *Brady* claim, '[e]vidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence.'" *United States v. Sessa*, No. 92-cr-351 (ARR), 2011 WL 256330, at *23 (E.D.N.Y. Jan. 25, 2011), *aff'd*, 711 F.3d 316 (2d Cir. 2013) (quoting *United States v. LeRoy,* 687 F.2d 610, 618 (2d Cir. 1982)).  "The rationale underlying *Brady* is not to supply a defendant with all the evidence in the Government's possession which might conceivably assist the preparation of his defense, but to assure that the defendant will

---

[3] To the extent Mr. Clanton argues that the 8034 Phone and its contents were newly available as a result of his counsel's post-trial investigation, that argument fails as well.  "Rule 33 does not authorize district courts to grant new trials on the basis of such evidence [that] is not newly discovered, but merely *newly available*."  United States v. Owen, 500 F.3d 83, 89 (2d Cir. 2007) (emphasis added).

not be denied access to exculpatory evidence *only known to the Government*." *Sessa*, 2011 WL 256330, at *23 (emphasis added) (quoting *LeRoy,* 687 F.2d at 619).

Here, Mr. Clanton knew of the existence of his *own* 8034 Phone and knew of the government's seizure of his phone. The government also made the 8034 Phone available for Mr. Clanton to inspect on or about March 21, 2024, well before Mr. Clanton's trial commenced on April 7, 2025. Therefore, as the Second Circuit held in *Constantine*, Mr. Clanton "should have known that there w[as] [evidence] seized by the government that had not been produced."[4] 2022 WL 950954, at *2.

Although Mr. Clanton's counsel makes a valiant effort to argue that contents derived from the 8034 Phone are favorable to Mr. Clanton's defense theories, where evidence "is not 'newly discovered' within the meaning of Rule 33," it "is irrelevant" whether the evidence "would have made a difference to the jury,"[5] and no evidentiary hearing is necessary. *United States v. Forbes*, 790 F.3d 403, 410 (2d Cir. 2015). Because the 8034 Phone and its

---

[4] Mr. Clanton's argument that the Court's denial of his motion for return of the seized 8034 Phone prevented him from using the contents of the phone for his defense is unavailing. (ECF No. 395 at 16-19.) Mr. Clanton was free to seek discovery of the *contents* of the 8034 Phone even if he did not have physical possession of the phone itself, and he was offered the opportunity to inspect it in March 2024, over a year before his trial commenced in April 2025.

[5] Although Mr. Clanton failed to establish the existence of "newly discovered" evidence in his instant Rule 33 motion and the Court therefore does not reach the issue of prejudice, the Court previously found "fulsome evidence" supporting the three counts of conviction that Mr. Clanton challenged in his Rule 29 motion. *See United States v. Clanton*, 791 F. Supp. 3d 368, 373 (E.D.N.Y. 2025).

contents cannot be considered "newly discovered" evidence under Rule 33, nor constitute a *Brady* violation, the Court respectfully DENIES Mr. Clanton's motion for a new trial pursuant to Rule 33(b)(1).

## II. The Government's Purported Failure to Correct Mr. Dotson's Testimony

Mr. Clanton argues that, under Rule 33(b)(2), the government failed to correct its witness Lawrence Dotson's testimony and asserts excusable neglect as a basis for the Court to consider this otherwise time-barred argument.

As a threshold matter, Rule 33(b)(2) required Mr. Clanton to file "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence ... within 14 days after the verdict or finding of guilty," and Mr. Clanton filed the instant Rule 33 motion on February 20, 2026, nearly 10 months after the jury rendered its verdict on April 21, 2025.  Mr. Clanton claims that "despite Clanton's timely requests, his previous counsel did not file a Rule 33 motion due to differing opinion and strategy."  (ECF No. 384 at 59.)  Mr. Clanton points to no authority suggesting that differing views on case strategy between a defendant and his counsel are sufficient to constitute excusable neglect under Rule 33, and the Court finds his request for relief under Rule 33(b)(2) time-barred.

Nonetheless, even if excusable neglect could be established,

Mr. Clanton fails to identify any perjured trial testimony.  He points to a purportedly uncorrected discrepancy in Mr. Dotson's sworn plea hearing colloquy (not trial testimony) and claims "[t]he government thus failed its duty to correct Dotson's perjured testimony" during his plea hearing.  (ECF No. 395 at 40-41.)  The relevant excerpt of the transcript of the March 19, 2024 plea colloquy before Magistrate Judge Kuo shows otherwise:

> THE COURT: All right. I read at the beginning of these proceedings what the superseding indictment charges you in Counts 2 and 3 to which you are pleading guilty. I want to find out now from you in your own words what you did on June 3, 2023.
>
> THE DEFENDANT: On June 3, 2023 I, along with other people, took cash, cigarettes, and other items from a store in Staten Island, New York. In order to get these items, we pointed guns at the store owners and tied them up.
>
> THE COURT: All right. And did you use a firearm?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. Can you tell me how the firearm was used?
>
> THE DEFENDANT: Just brandishing it, just holding it.
>
> THE COURT: In a way that was a threat, where you were threatening to use it, or you just showed it?
>
> THE DEFENDANT: Just basically shown a firearm.
>
> THE COURT: And you said you took it from the store and you tied up the employees or –
>
> THE DEFENDANT: Yes. It was one employee, one.
>
> THE COURT: And I know it's probably obvious but did you take the property against the will of the employee of the store?

9

THE DEFENDANT: Presumably yes. Yes, ma'am.

THE COURT: Did they voluntarily give you the property?

THE DEFENDANT: No, ma'am.

THE COURT: Okay. Mr. Roddin?

MR. RODDIN: The only additional fact that I would proffer is that the smoke shop was engaged in interstate commerce and that the robbery affected and delayed interstate commerce.

THE COURT: All right. Mr. DuCharme, is that stipulated to?

MR. DUCHARME: It is, your Honor. Cigarettes were among items taken.

THE COURT: Thank you. Okay. So Mr. DuCharme is there anything else that we should be discussing as far as the plea or anything else?

MR. DUCHARME: I don't believe so, your Honor.

(ECF No. 116 at 27:4-28:21.)  Mr. Clanton argues that Mr. Dotson's answer to the Court's question regarding how the gun was brandished ("Just basically shown a firearm.") constitutes perjured testimony because surveillance video shows that Mr. Dotson committed other, more egregious acts with the gun as well, including "hit[ting] the victim ... on the head with his gun and shov[ing] his gun into the back of [the victim's] head."  (ECF No. 384 at 57.)

Mr. Clanton's argument that Mr. Dotson provided perjured testimony during his plea colloquy is farfetched.  As the plea colloquy transcript shows, Mr. Dotson was not asked for, and did not provide, a play-by-play sequence of every action he took with the firearm during the robbery at issue.  Moreover, Mr. Clanton

10

fails to credibly connect any discrepancy in Mr. Dotson's *plea colloquy* to any perjured *trial testimony* during Mr. Clanton's trial, during which Mr. Dotson was extensively cross-examined by defense counsel.  Mr. Clanton merely argues that Mr. Dotson's failure at trial to remember what he said at his guilty plea hearing constituted perjury: "At trial, defense counsel sought to cross-examine Dotson on this statement under oath during his guilty plea, but he repeatedly claimed he had no memory of what he said at his guilty plea, despite being confronted with the transcript of that proceeding."  (ECF No. 384 at 58.)  This falls well short of perjury or even a false statement, and Mr. Clanton has not remotely established "the most extraordinary circumstances" warranting Rule 33 relief.  *United States v. Muja*, 365 F. App'x 245, 246 (2d Cir. 2010) (summary order) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001)).  Mr. Clanton's request for relief under Rule 33(b)(2) is respectfully DENIED.

## CONCLUSION

For the reasons explained in this Order, Mr. Clanton's motion for a new trial pursuant to Rule 33 is respectfully DENIED.

**So ordered.**

Dated:    April 3, 2026
          Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

11